<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUSSELL L. DANIEL, JR., | : | |
| | : | Civil No. 24-9095 (BRM) (LDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, | : | |
| | : | |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Russell L. Daniel, Jr.'s ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the Clerk's Office is directed to file the Complaint.

Having granted the application, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I.  BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial detainee, housed at the Atlantic County Justice Facility ("ACJF"). (ECF No. 1 at 2.) Plaintiff brings

this civil rights action, pursuant to 24 U.S.C. § 1983. The sole defendant named in the Complaint is ACJF. (*Id.* at 1.)

In the Complaint, Plaintiff submits that since he entered ACJF, he has been confined in a cell with more "than the legal limit of persons allowed in a cell at any given time." (*Id.* at 5.) Plaintiff claims that he has become ill with "multiple sicknesses and infections" since his arrival at ACJF. (*Id.*)

Plaintiff seeks monetary compensation.

## II.  LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

The Complaint alleges the ACJF is overcrowded. It appears Plaintiff is raising a Fourteenth Amendment conditions of confinement claim. Because Plaintiff is a pretrial detainee, the Fourteenth Amendment's Due Process Clause governs his claims as opposed to the Eighth Amendment, which applies to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The Due Process Clause prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt in accordance with

due process of law. *Bell*, 441 U.S. at 535–37. To determine whether conditions of confinement amount to "punishment", courts "ask, first, whether any legitimate purposes are served by the [] conditions, and second, whether the[] conditions are rationally related to these purposes." *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) (citing *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir.1983)).

However, the sole named defendant in the Complaint is ACJF. Atlantic County Justice Facility is not a "person" subject to suit under § 1983. *See*, *e.g.*, *Dawkins v. Office of Attorney Gen.*, No. 18-11174, 2018 WL 6322618, at *2 (D.N.J. Dec. 4, 2018) (noting that courthouse and jail are not "persons" within meaning of § 1983) (citations omitted). Therefore, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to name a proper defendant.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has thirty days to file an amended complaint to cure the deficiencies discussed above. Failure to do so will result in dismissal with prejudice. An appropriate Order follows.

Dated: October 16, 2024

                                                */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**